UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN D'AGOSTINO. <br><br> Plaintiffs, <br><br> v. <br><br> APPLIANCES BUY PHONE, INC., CHERYL SIGMAN, and STEVEN SIGMAN, <br><br> Defendants. | Civil Action No.:   13-cv-7122 (PGS) <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on a motion to dismiss the Complaint by Defendants Appliances Buy Phone, Inc., Cheryl Sigman and Steven Sigman (hereinafter "Defendants") (ECF no. 6); and a motion for summary judgment by Plaintiff (ECF no. 10).  For the reasons set forth below, the motion to dismiss is granted, and the motion for summary judgment is denied as moot.

Several years ago, the same parties[1] in this case were before this Court on very similar causes of action. That prior case had been removed from state court and was pending before this Court based upon a federal question under the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) ("ACCPA").  After the case was removed to this Court, Plaintiff Steven D'Agostino ("D'Agostino") amended his complaint to voluntarily dismiss the cybersquatting claim because he wished to prosecute the matter in state court.  In July 2012, the Court remanded the matter to the Superior Court of New Jersey for lack of jurisdiction. *See D'Agostino v. Appliances Buy Phone, Inc.*, United States District Court, District of New Jersey, Civil Action No. 3:10-cv-5415 (FLW/DEA).  In the Superior Court of New Jersey case, a jury found D'Agostino had no cause of action against Defendants. On the same day that oral argument was held in the Superior Court on a motion for a new trial, D'Agostino served the

---

[1]   Google was a party to the earlier case, but was dismissed in the Superior Court of New Jersey action.

complaint in this matter upon Defendants. (ECF no. 6-2 at ¶ 25).

In the present case, D'Agostino seeks federal jurisdiction over this law suit by reasserting his cybersquatting claim under the ACCPA, arguing that he originally dismissed that claim without prejudice.

The ACCPA has a statute of limitations of two years. As the Court reads the Complaint, the facts extend back to 2003 – far beyond the two year statute of limitations. Plaintiff argues that the initial suit was timely filed, and that the prior law suit tolled the statute of limitations. This argument lacks merit. Generally, the dismissal of a claim from a law suit without prejudice does not toll the statute of limitations of that claim. *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). The "original complaint is treated as it never existed." *Cardio-Medical Assoc. v. Crozer-Chester Medical Center*, 721 F.2d 68, 77 (3d Cir. 1983). As such, the anti-cybersquatting claim is dismissed with prejudice.

The remaining counts of the Complaint, breach of contract, fraud, and misappropriation of trade secrets, are common law clauses of action. The Court has no jurisdiction over the remaining counts, and the Court declines to assert supplemental jurisdiction over those counts pursuant to 28 U.S.C. § 1367(c).

## ORDER

This matter having come before the Court on a motion to dismiss the Complaint by Defendants Appliances Buy Phone, Inc., Cheryl Sigman and Steven Sigman (ECF no. 6); and a motion for summary judgment by Plaintiff (ECF no. 10); and for the reasons set above;

IT IS on this 3rd day of November, 2014;

ORDERED that motion to dismiss (ECF no. 6) is granted; and it is further

ORDERED that the motion for summary judgment (ECF no. 10) is denied as moot.

PETER G. SHERIDAN, U.S.D.J.